**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT THOMAS,
an individual

        Plaintiff,

vs.                                            Case No. 3:03-cv-729-J-32MCR

CSX CORPORATION,
a Florida corporation,
and CSX TRANSPORTATION, INC.,
a Florida corporation,

        Defendants.

## **ORDER**[1]

This case is before the Court on Plaintiff's Motion for an Award of Attorneys' Fees. (Doc. 38). Defendant CSX Corporation ("CSX") filed a response. (Doc. 39).[2] The Court heard oral argument on September 12, 2005.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Thomas' counsel clarified during oral argument that the motion seeks fees from CSX, and not CSX Transportation, Inc. ("CSXT").

**I.    BACKGROUND**

This is an Employment Retirement Income Security Act ("ERISA") case concerning short term disability benefits wherein the parties have submitted a Joint Stipulation of Dismissal of Amended Complaint (Doc. 49) and asked the Court to retain jurisdiction to determine whether plaintiff, Robert Thomas ("Thomas"), is entitled to attorneys' fees and costs.  The background facts are as follows.

On September 12, 2002, Thomas sustained an injury to his back and neck while employed with CSX.  (Doc. 38, Ex. "A" at ¶¶ 4-5).  Thomas was placed out of work on October 1, 2002.  (Id. at ¶ 6).  On October 3, 2002, CSXT eliminated Thomas' position, resulting in the termination of Thomas and all those similarly situated.  (Doc. 39, p. 5).  Thomas applied for short term disability benefits under the CSX Corporation Salary Continuation and Long Term Disability Plan ("CSX plan").  (Doc. 38, Ex. "A" at ¶ 7).  Upon Thomas' termination, CSX paid him short term disability benefits for October 2002.  (Id. at ¶ 10).

On November 7, 2002, UNUM Life Insurance Company of North America ("UNUM") issued a letter to Thomas stating that it administered the CSX plan and that Thomas' short term disability benefits had been approved through December 31, 2002. (Id. at Ex. "A" to Ex. "A"). That letter advised Thomas he was required to notify UNUM if he returned to work prior to January 1, 2003, or, alternatively, that he must provide updated medical information to receive an extension of benefits past

December 31, 2002.[3] Id.

Even though the November 7, 2002, UNUM letter states that Thomas was entitled to disability benefits for November and December 2002, CSX did not pay those benefits until November 2003. (Doc. 38, Ex. "A" at ¶¶ 20-24).  After Thomas retained counsel in early 2003, counsel sent a letter dated March 10, 2003, to CSX claiming Thomas' entitlement to short term disability benefits for November 2002 through March 2003. (Id. at Ex. "B" to Ex. "A").  On April 29, 2003, CSX responded, asserting that Thomas never provided documentation substantiating any entitlement to benefits beyond December 31, 2002, and that because Thomas' position was abolished by the end of the period for which benefits were approved, he was ineligible to further participate in the CSX plan. (Id. at Ex. "C" to Ex. "A").

On August 28, 2003, Thomas filed this lawsuit seeking short term and long term disability benefits from CSX and UNUM, respectively. (Doc. 1).  On January 26, 2004, pursuant to the parties' Joint Motion to Stay Proceedings (Doc. 21), this Court stayed the case so that Thomas could exhaust his administrative remedies.  In March 2004, apparently after those administrative proceedings had occurred, CSX approved Thomas for short term disability benefits for January through March 2003. (Doc. 38, Ex. "A" at ¶ 25).

---

[3]  Inconsistently, the UNUM letter also recognizes that plaintiff's last day worked with CSX was October 1, 2002.

On December 10, 2004, Thomas filed an amended complaint retaining his Breach of Fiduciary Duty claim pursuant to 29 U.S.C. § 1104(a)(1)(D) ("Breach of Fiduciary Duty claim") against CSX, and an Interference claim pursuant to 29 U.S.C. § 1140 ("Interference claim") against CSXT, which replaced CSX as the defendant to that claim. (Doc. 1 & 35). In addition to dismissing UNUM as a defendant in the case, Thomas did not replead the Benefits claim pursuant to 29 U.S.C. § 1132(a)(1)(B) ("Benefits claim") and the Injunction claim pursuant to 29 U.S.C. § 1132(a)(3). On January 11, 2005, subsequent to the filing of the Amended Complaint, and CSX and CSXT's Answer thereto, this Court lifted the stay. (Doc. 37).

On January 13, 2005, Thomas moved for an award of attorneys' fees arguing that because he recovered all of the short term disability benefits he sought, the Court should award him fees under 29 U.S.C. § 1132(g)(1). (Doc. 38). On June 29, 2005, the parties filed a Joint Stipulation of Dismissal of Amended Complaint, dismissing the case with prejudice, but asking the Court to retain jurisdiction to decide Thomas' Motion for Attorneys' Fees. (Doc. 49).

## II. DISCUSSION

### A. Whether Thomas is Entitled to seek Attorneys' Fees from CSX under 29 U.S.C. §1132(g)(1)

Even though there has been no judgment entered in this case, Thomas claims he is entitled to fees pursuant to 29 U.S.C. § 1132(g)(1) because he ultimately received the short term benefits he sought. (Doc. 38). CSX believes that because

Thomas received no favorable court decision on the Benefits claim before Thomas apparently chose not to replead that claim in the Amended Complaint, Thomas may not seek attorneys' fees pursuant to that claim.  (Doc. 39 at pp. 3-4).

While it is true that Thomas did not replead the Benefits claim in the Amended Complaint, Thomas did retain the Breach of Fiduciary Duty claim, which sought similar relief.[4] Moreover, Thomas correctly points out that, while the case was stayed, CSX paid his short term disability benefits; thus it would have been inappropriate to replead that Benefits claim.  The Court concludes that, because of this procedural anomaly, Thomas' failure to replead the Benefits claim does not preclude him from seeking an award of attorneys' fees based upon his receipt of those benefits.

### B.   Attorneys' Fees Pursuant to a Settlement under ERISA

The Eleventh Circuit has never addressed whether a party in an ERISA case can recover its attorneys' fees when the parties settle a claim before judgment.  At least one district court within the Eleventh Circuit, however, has held that a party is entitled to attorneys' fees in such a situation.  See Sabina v. American General Life Ins. Co., 856 F.Supp. 651, 656 (S.D. Fla. 1992).

In Sabina, plaintiff sought the entry of a judgment declaring that his daughter was entitled to an additional eleven months of ERISA plan coverage in addition to the

---

[4]   ERISA allows a litigant to seek fees pursuant to a Breach of Fiduciary Duty claim, as well as a Benefits claim.  See 29 U.S.C. §§ 1109(a), 1132(a), 1132(g)(1).

-5-

eighteen months of COBRA benefits she had already received. 856 F.Supp. at 652. Defendants claimed that the daughter was not entitled to the ERISA extension because she had not been found disabled under the Social Security Act. Id. at 653. After the Court granted plaintiff's preliminary injunction motion temporarily restraining defendants from terminating the group health insurance coverage, the parties filed a Notice of Settlement explaining that the matters at issue had been settled whereby the daughter would receive the eleven months of extended coverage. Id. The court retained jurisdiction to determine whether plaintiff was entitled to attorneys' fees. Id. The issue before the court was whether plaintiff was entitled to obtain his fees based on the settlement; the court concluded that plaintiff was entitled to fees even though there was no final judgment. Id. at 655-56.

This case is similar to Sabina inasmuch as Thomas obtained the short term benefits he sought prior to judgment and the parties stipulated that the Court should retain jurisdiction to decide Thomas' attorneys' fee motion. (Doc. 38 at ¶¶ 18-22). Even though a final judgment was not entered in Thomas' favor, he is entitled to seek his attorneys' fees under 29 U.S.C. § 1132(g)(1).

**C.    Whether Thomas is Entitled to Attorneys' Fees**

Under ERISA, this Court is vested with discretion in determining whether to award attorneys' fees. See 29 U.S.C. § 1132(g)(1). ERISA provides no presumption in favor of awarding fees. Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue

Shield of Ala., 41 F.3d 1476, 1485 (11th Cir. 1995); Stvartak v. Eastman Kodak Co., 945 F.Supp. 1532, 1546 (M.D. Fla. 1996).  When a party moves for fees, the district court considers the following factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy such an award; (3) whether an award of attorneys' fees against the opposing party would deter other persons from acting under similar circumstances; (4) whether the party requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.  Ironworkers Local No. 272, et al. v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980); Florence Nightingale, 41 F.3d at 1485.  No single factor is dispositive and some may not apply in certain situations.  Bowen, 624 F.2d at 1266.  The Court therefore looks at the totality of these circumstances.

In a November 7, 2002 letter, UNUM stated that Thomas had been approved for benefits through December 31, 2002 (Doc. 38, Ex. "A" to Ex. "A").  CSX, however, did not pay those benefits until November 2003, and did not pay the remainder of Thomas' short term benefits until March 2004.  (Id. at Ex. "A," ¶¶ 20-25).  It was not until Thomas hired a law firm in early 2003, and the law firm engaged in discussions with CSX and ultimately sued concerning those benefits, that Thomas received the promised payment for the November and December 2002 benefits.  These funds somewhat mysteriously showed up in Thomas' account in November 2003, a full year

after they were promised.  While CSX disclaims any connection between Thomas' legal action and this event, the Court concludes that Thomas appears to have been forced to file this lawsuit to obtain the promised benefits.  See, e.g., Nat'l Companies Health Benefit Plan v. St. Joseph's Hosp. of Atlanta, Inc., 929 F.2d 1558, 1575 (11th Cir. 1991), abrogated on other ground by Geissal v. Moore Med. Corp., 524 U.S. 74 (1998).

On the other hand, in the correspondence with Plaintiff's counsel before litigation, and in the Answer and Affirmative Defenses to the Amended Complaint (Doc. 36), CSX asserts that the CSX plan did not require it to provide benefits to Thomas once he ceased being an "eligible employee" under the plan, i.e., after he was terminated on October 3, 2002.[5]  Thus, CSX asserted a colorable defense that, based on the plan language, Thomas was not entitled to benefits subsequent to his termination.  Nevertheless, as discussed, CSX promised, but did not pay the November and December 2002 benefits until legal action ensued.  CSX, however,

---

[5] The CSX plan provides that "[y]ou are an eligible employee under the Disability Plan if you are regularly assigned to and occupying a position classified by CSX as a full-time (at least 35 hours per week), salaried position with CSX or a participating affiliate." (Doc. 40 at p. 4).  The Plan goes on to state that "Disability benefits under the Disability Plan will end upon the occurrence of the earliest of the following: ... The date you are no longer eligible for coverage under the Disability Plan," and further provides that, "[y]our disability coverage terminates when you are no longer an eligible employee....". (Id. at 13, 16).  Based on this language, CSX's position is that Thomas ceased being entitled to benefits the day he was terminated, and that, ultimately, CSX voluntarily paid him benefits from November 2002 through March 2003. (Doc. 39).

-8-

made no such promise that it would pay the January through March 2003 benefits. It decided to do so only after Thomas proved his entitlement in the administrative proceeding. Because CSX never promised Thomas it would pay the January through March 2003 benefits and CSX raised a colorable defense[6], the Court views the January-March 2003 time frame differently.

There is deterrent value in awarding attorneys' fees concerning the November and December 2002 benefits. A plan sponsor ought not promise benefits, then force a beneficiary to hire a lawyer to pursue them, and ultimately pay them only after a lawsuit has been filed. See National Companies, 929 F.2d at 1575 (finding high deterrent value where plan sponsor originally promised benefits, but later changed its mind, and reasoning that plan sponsors who engage in this behavior may force underfinanced beneficiaries to sue them in order to receive benefits).

However, an award of fees for the January through March 2003 benefits would provide no deterrent effect as CSX consistently maintained Thomas is not entitled to those benefits, and accordingly proffered a cogent legal defense. If the Court awarded fees for Thomas' pursuit of these particular benefits, defendants like CSX may be reticent to settle such claims or change its mind and pay benefits for fear of having to pay the opposing party's attorneys' fees.

---

[6]   The Court is not called upon to actually decide whether CSX's position would ultimately have prevailed if the case had gone to final judgment.

-9-

Assessing the Bowen factors in their totality, the Court in its discretion concludes that Plaintiff is entitled to a portion of his attorneys' fees. Accordingly, it is hereby **ORDERED**:

Plaintiff's Motion For Attorneys' Fees (Doc. 38) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff is entitled to those fees and costs reasonably spent in securing payment of the November and December 2002 benefits. Plaintiff is not entitled to his fees expended to recover the January through March 2003 benefits. Plaintiff is ordered to submit an affidavit by **November 10, 2005** itemizing the fees sought based on this Order. Defendant CSX shall file any objection to the amount sought no later than **November 30, 2005**. The Court will then make a determination on the amount of fees and costs and enter a final judgment.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of October, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies: counsel of record